TUCKER ELLIS LLP
David J. Steele, CA Bar No. 209797
david.steele@tuckerellis.com
Steven E. Lauridsen, CA Bar No. 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

TUCKER ELLIS LLP
Sandra J. Wunderlich (*pro hac vice* to be filed)
sandra.wunderlich@tuckerellis.com
100 South Fourth Street
Suite 600
St. Louis, MO 63102
Telephone: (314) 256-2550
Facsimile: (314) 256-2549

Attorneys for Plaintiff,
Imperials Car Club

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPERIALS CAR CLUB, a California unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CHRISTOPHER MONTOYA a/k/a CHUCK MONTOYA, an individual, and CLASSIC CARS OF NEW MEXICO a/k/a CLASSIC CAR OF NEW MEXICO d/b/a MAD HOPPER HYDRAULICS, a New Mexico company,<br><br>Defendants. | Case No. 2:18-cv-10243<br><br>COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; AND UNFAIR COMPETITION<br><br>DEMAND FOR TRIAL BY JURY |

Plaintiff Imperials Car Club ("Plaintiff"), by and through its attorneys, Tucker Ellis LLP, files its complaint against Defendants Charles Christopher Montoya a/k/a Chuck Montoya ("Montoya") and Classic Cars of New Mexico a/k/a Classic Car of New Mexico a/k/a Mad Hopper Hydraulics ("Classic Cars of New Mexico"), (collectively, "Defendants") for injunctive relief and damages as follows:

Plaintiff alleges as follows, upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

**INTRODUCTION**

1. Plaintiff, founded in 1965 in East Los Angeles, is the premier club for lowrider enthusiasts throughout the United States.

2. Plaintiff is the exclusive owner of the intellectual property rights to the IMPERIALS CAR CLUB trademarks and service marks.

3. Plaintiff allows lowrider enthusiasts across the country to affiliate with Plaintiff as members of affiliated chapters by, among other things, paying dues and agreeing to comply with Plaintiff's standards and rules.

4. In about 1983, Plaintiff licensed its affiliate, the Albuquerque, New Mexico Imperials Car Club chapter (the "Albuquerque Chapter").

5. Montoya served as the President of the Albuquerque Chapter. As discussed in more detail below, Montoya, in his role as President, engaged in extensive business dealings with Plaintiff here in California.

6. In about 2001, Plaintiff licensed the New Mexico Imperials Car Club chapter (the "New Mexico Chapter") as the exclusive chapter in New Mexico. The Albuquerque Chapter was absorbed into the New Mexico Chapter; the Albuquerque Chapter members became members of the New Mexico Chapter.

7. In March 2017, following multiple violations of Plaintiff's rules and regulations by Montoya, and after repeated warnings to Montoya seeking compliance with Plaintiff's rules, Plaintiff terminated Montoya's membership in the Imperials Car Club and his affiliation with Plaintiff.

-1-
FIRST AMENDED COMPLAINT

8. After receiving notice in 2017 that his membership had been terminated, Montoya continued to hold himself out to the public and members of the trade as the President of the now non-existent Albuquerque Chapter despite the fact that the Albuquerque Chapter was not licensed by or in any way affiliated with Plaintiff.

9. Trading on the goodwill of Plaintiff's IMPERIALS CAR CLUB trademarks and service marks, Montoya, through his business, Classic Cars of New Mexico, advertises and sells goods and services, including t-shirts, placards, and other merchandise, bearing the IMPERIALS CAR CLUB trademarks and service marks and exhibits placards bearing these IMPERIALS CAR CLUB marks on or near cars while on display at events.

10. Plaintiff has demanded on multiple occasions that Defendants cease all use of the IMPERIALS CAR CLUB marks to avoid any confusion as to the false association of his business and himself with Plaintiff, but to date Defendants have failed to do so.

11. Accordingly, Plaintiff has been forced to file this action to protect the IMPERIALS CAR CLUB trademark and service and to protect the public.

## THE PARTIES

12. Plaintiff is a California unincorporated association, established and operated pursuant to California Corporations Code §§ 18000-24001.5.

13. On information and belief, Montoya is a resident of New Mexico with his usual mailing address and principal residence in Albuquerque, New Mexico.

14. On information and belief, Defendant Classic Cars of New Mexico is a corporation organized and existing under the laws of New Mexico, with a business address located in Albuquerque, New Mexico.

15. On information and belief, Montoya owns and operates Defendant Classic Cars of New Mexico.

16. On information and belief, Defendants are alter egos of one another.

## JURISDICTION AND VENUE

17. This case is a civil action arising under the Trademark Laws of the United

States, 15 U.S.C. §§ 1051, *et seq.*, under the California Business and Professions Code § 17200, *et seq.*, and California Common Law.

18. This Court has subject matter jurisdiction over the claims in this Complaint, which arise under the Trademark Laws of the United States, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and which involve a federal question, pursuant to 28 U.S.C. § 1331.

19. This Court has pendent jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a) because the asserted state claims are substantially related to the claims arising under the Trademark Laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

20. Knowing the esteemed reputation of the Imperials Car Club, Defendant Montoya became a member of the Imperials Car Club for the express purpose of increasing his own stature, esteem, and reputation in the community of lowrider enthusiasts.

21. Similarly, Montoya used his status and stature as an Imperials Car Club member and to benefit his business Defendant Classic Cars of New Mexico.

22. In connection with his affiliation with the Imperials Car Club, including but not limited to his tenure as President of the Albuquerque Chapter, Defendant Montoya regularly traveled to Los Angeles County, California to conduct the business of the Albuquerque Chapter, and, later as a member, of the New Mexico, as well as the business of Defendant Classic Cars of New Mexico. While in the Los Angeles County, California area, and while conducting his business and that of Classic Cars of New Mexico, Defendant Montoya has held and continues to hold himself out as being affiliated with the Imperials Car Club, which is located in Los Angeles, in an effort to trade on the goodwill of the Imperials Car Club even though his membership in the organization has been revoked.

23. This Court has personal jurisdiction over Defendants because: (1) the causes of action asserted in this Complaint arise out of Defendants' contacts with California and this judicial district; (2) Defendant Montoya chose to affiliate with the Imperials Car Club in Los Angeles as the governing association of all Imperials Car Club chapters; (3) Defendant Montoya has regularly traveled into the forum to conduct the business of the Albuquerque Chapter, of the New Mexico Chapter, and of Defendant Classic Cars of New Mexico, and while here held himself out to be affiliated with Plaintiff Imperials Car Club, even after such affiliation had been terminated; (4) Defendants have undertaken acts of trademark infringement, service mark infringement, false designation of origin, and unfair competition that were purposefully directed at California with knowledge that the brunt of the injury would be felt by Plaintiff in California; (5) Defendants have caused tortious injury to Plaintiff in California and this judicial district; and (6) Defendants' conduct relating to the claims pled created a substantial connection with California and this judicial district.

24. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, or a substantial part of property that is the subject of the action is situated in this judicial district.

## PLAINTIFF'S IMPERIALS CAR CLUB TRADEMARKS AND SERVICE MARKS

25. Plaintiff is a highly respected car club established over 50 years ago in East Los Angeles to celebrate lowrider cars. Plaintiff has been promoting the interests of lowrider car enthusiasts and sponsoring events featuring these cars since at least as early as 1979.

26. Plaintiff promotes the interests of lowrider car enthusiasts through sponsorship of car shows, exhibits at car shows, and promotion of the values and standards associated with its legendary IMPERIALS CAR CLUB brand, among other things.

-4-

27. *Lowrider* magazine, the premier magazine for lowrider car enthusiasts, describes Plaintiff as "one of the oldest, most famous and most respected car clubs in [lowrider] culture." *See* Exhibit 1 attached to the Complaint.

28. Plaintiff owns the exclusive trademark and service mark rights to the distinctive IMPERIALS CAR CLUB trademarks and service marks, having used the mark in connection with its club, along with related goods—such as T-shirts, caps, and wearable pins—and services since at least 1965 with use in interstate commerce at least as early as 1979. Plaintiff's use of these marks include both the IMPERIALS CAR CLUB wordmark, the IMPERIALS (and design) mark, and the IMPERIALS LOS ANGELES (and design) mark (collectively, the "IMPERIALS CAR CLUB Marks"). The IMPERIALS (and design) and the IMPERIALS LOS ANGELES (and design) marks each appear below:

 

29. Since Plaintiff began using the IMPERIALS CAR CLUB Marks, Plaintiff's use of the IMPERIALS CAR CLUB Marks has been extensive, continuous, and substantially exclusive.

30. Plaintiff has made, and continues to make, a substantial investment of time, effort and expense in the production and promotion of the IMPERIALS CAR CLUB Marks.

31. Plaintiff extensively promotes itself through a variety of media, including via the Internet on numerous social media sites including Facebook and Twitter. Screen

captures of Plaintiff's Facebook and Twitter accounts are attached to this Complaint as Exhibit 2.

32. As can be seen from Exhibit 2, Plaintiff's Facebook page has over 10,000 likes; and its Twitter account is followed by over 470 Twitter users.

33. The IMPERIALS CAR CLUB Marks are unique and distinctive and, as such, designates a single source of origin.

34. As a result of Plaintiff's efforts and use, the IMPERIALS CAR CLUB Marks have come to be recognized by the public and members of the trade as being associated exclusively with Plaintiff.

35. Plaintiff expends substantial effort and expense to protect the IMPERIALS CAR CLUB Marks' distinctiveness in the marketplace. Plaintiff polices unauthorized use of the IMPERIALS CAR CLUB Marks by sending cease and desist letters upon learning of unauthorized use of the IMPERIALS CAR CLUB Marks.

36. Based on Plaintiff's use, including the use described herein, Plaintiff owns extensive common law trademark rights in the IMPERIALS CAR CLUB Marks.

37. In addition to its extensive common law rights, Plaintiff owns a United States registration for the IMPERIALS CAR CLUB Marks. Specifically, Plaintiff owns United States Registration No. 4,212,868 for IMPERIALS CAR CLUB. This registration is incontestable under 15 U.S.C. § 1065. Plaintiff also owns United States Registration No. 4,297,935 for IMPERIALS LOS ANGELES (and design). The registration certificates are attached to this Complaint as Exhibit 3.

38. Plaintiff has grown to national prominence at least in part by allowing car enthusiasts across the country to become members of local Imperials Car Club chapters, authorized by Plaintiff and governed by Plaintiff's rules and regulations.

39. An authorized chapter in good standing with Plaintiff is authorized to use the IMPERIALS CAR CLUB Marks to promote and sponsor events, and members in good standing are allowed to display cars meeting the standards established by Plaintiff with a sanctioned placard from Plaintiff bearing the IMPERIALS CAR CLUB Marks.

40. Having been widely promoted to the public, and having exclusively identified Plaintiff and its goods and services, the IMPERIALS CAR CLUB Marks symbolize the tremendous goodwill associated with Plaintiff and Plaintiff's duly authorized affiliated clubs.

41. The IMPERIALS CAR CLUB Marks are property rights of incalculable value.

42. The IMPERIALS CAR CLUB Marks have for many years enjoyed unquestionable fame as a result of the favorable general public acceptance and recognition.

## **DEFENDANTS' INFRINGING ACTIVITIES**

43. Montoya operates Defendant Classic Cars of New Mexico, an automobile restoration and repair shop in Albuquerque, New Mexico.

44. Montoya was previous a member of the Imperials Car Club.

45. Montoya previously served as the President of the Albuquerque Chapter of the Imperials Car Club.

46. In Montoya's capacity as a member of the Imperials Car Club, and as the President of the Albuquerque Chapter, Montoya extensively conducted club business with Plaintiff in California and within this judicial district.

47. After repeated requests for compliance with the Imperials Car Club rules and regulations, which were not satisfied, Plaintiff terminated Montoya's membership.

48. Plaintiff communicated the notice of termination of membership to Montoya, and advised Montoya that all property belonging to Plaintiff must be returned and that he was no longer authorized to use the intellectual property of Plaintiff from that point forward.

49. After receiving notice that his membership had been terminated, Montoya continued to hold himself out to the public and members of the trade as a member of the Imperials Car Club.

50. Montoya traveled to California, both previously to conduct business in his role as President of the Albuquerque Chapter and later in his role as a general member of the New Mexico Chapter, by attending meetings in this district. Montoya also attended car shows and events for car enthusiasts in this district, all the while holding himself out to the public as a member of the Imperials Car Club, even though his membership had been terminated.

51. In spite of the termination of his membership in the Imperials Car Club, Montoya has continued to hold himself out as the President of the now non-existent Albuquerque Chapter of the Imperials Car Club.

52. Montoya has used and continues to use his alleged affiliation with Plaintiff to draw business to his company, Classic Cars of New Mexico, and he sells through Classic Cars of New Mexico unauthorized goods and services in connection with Plaintiff's IMPERIALS CAR CLUB Marks.

53. In November 2017, after learning that Montoya had not stopped holding himself out as a member of the Imperials Car Club or holding the Albuquerque Chapter out as being licensed by and affiliated with Plaintiff, Plaintiff's counsel sent Montoya a formal cease and desist letter demanding that Montoya cease this unlawful conduct.

54. In early 2018, officers and members of Plaintiff met with and spoke with Montoya in an attempt to resolve the dispute with Montoya and to get Montoya to cease this unlawful conduct.

55. Even after receiving the November 2017 cease and desist letter, and after Plaintiff's attempts to amicably resolve the matter, Montoya continues to hold himself out as a member of the Imperials Car Club, and continues to hold the Albuquerque Chapter out as being licensed by and affiliated with Plaintiff.

56. Montoya also continues to use his alleged affiliation with Plaintiff and the IMPERIALS CAR CLUB trademark and service mark when exhibiting cars at events or sponsoring events for car enthusiasts, thereby implying to others that the exhibited

vehicles meet the standards established by Plaintiff and that Montoya is affiliated with or endorsed by Plaintiff.

57. Even though Montoya is no longer a member of the Imperials Car Club and even after receiving a cease and desist letter, Defendants continue to sell merchandise bearing Plaintiff's IMPERIALS CAR CLUB Marks without authorization. Defendants' merchandise is not authorized or endorsed by Plaintiffs.

58. Moreover, Montoya exhibits placards bearing Plaintiff's IMPERIALS CAR CLUB Marks on lowrider vehicles without Plaintiff's approval.

59. A July 28, 2018 recent interview of Montoya wherein he claims to be the President of the Albuquerque Chapter even after termination of his membership with Plaintiff is accessible can be found in a YouTube video accessible at https://www.facebook.com/lowridermag/videos/10156570727163874/.

60. Defendants are improperly using the IMPERIALS CAR CLUB Marks for their own financial gain by diverting sales of merchandise bearing the IMPERIALS CAR CLUB from Plaintiff to themselves.

61. Defendants are not authorized to use, offer for sale, or sell any goods or services bearing the IMPERIALS CAR CLUB Marks, or hold themselves out as affiliated with Plaintiff or the Imperials Car Club.

62. Defendants are not licensed to use the IMPERIALS CAR CLUB Marks.

63. Defendants had both actual and constructive notice of Plaintiff's exclusive rights in Plaintiff's federally registered IMPERIALS CAR CLUB Marks under 15 U.S.C. § 1072.

64. Defendants have continued to advertise and promote their goods and services using the IMPERIALS CAR CLUB Marks, and have continued to claim affiliation with Plaintiff, even after receipt of this cease and desist letter.

65. Defendants' conduct is particularly likely to confuse the public because Defendant Montoya was previously affiliated with Plaintiff, which naturally leads people to falsely believe that Montoya continues to be affiliated with Plaintiff.

## HARM TO PLAINTIFF AND THE GENERAL PUBLIC

66. Defendants' unauthorized use of the IMPERIALS CAR CLUB Marks, or any similar designation thereto, creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' products and services, and is likely to falsely suggest a sponsorship, connection, license, or association with Plaintiff.

67. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the IMPERIALS CAR CLUB Marks.

68. Plaintiff is entitled to enforce its rules and regulations, including its rules and regulations adopted to establish standards for its club members, and Defendants' unauthorized use of the IMPERIALS CAR CLUB Marks prevents Plaintiff from enforcing these standards and devalues the club membership for all of its members as a result.

69. Moreover, Defendants' use of the IMPERIALS CAR CLUB Marks and placards on vehicles that do not meet Plaintiff's rules and regulations damages the reputation of Plaintiff and prevents Plaintiff from upholding the high standards to which it has been committed for the past 50 years.

70. Furthermore, Defendants' sales of merchandise bearing the IMPERIALS CAR CLUB Marks, including t-shirts, plaques, and other merchandise, deprives Plaintiff of these sales and the ability to control the quality of the goods and services upon which Plaintiff's mark is applied.

71. Defendants' unauthorized use of the IMPERIALS CAR CLUB Marks could expose Plaintiff to a risk of liability for any injuries occurring at events that Defendants falsely represent are sanctioned by, or affiliated with, Plaintiff when they are not.

72. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public which has an inherent interest in being free from confusion, mistake, and deception.

# FIRST CAUSE OF ACTION

## (Trademark Infringement Under 15 U.S.C. § 1114(1))

73. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 72 of this Complaint as though fully set forth here.

74. Defendants' use in commerce of the IMPERIALS CAR CLUB Marks and variations thereof, is likely to cause confusion or mistake or to deceive.

75. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

76. Defendants have unfairly profited from the trademark infringement alleged.

77. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered damage to the goodwill associated with the IMPERIALS CAR CLUB Marks.

78. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its federally registered trademark and service mark.

79. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

80. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

81. By reason of Defendants' willful acts of trademark infringement, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

82. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

## (Trademark Infringement and False Designation of Origin

## Under 15 U.S.C. § 1125(a))

83. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 82 of this Complaint as though fully set forth here.

84. Defendants' use in commerce of the IMPERIALS CAR CLUB Marks and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored, or approved by or are affiliated with Plaintiff.

85. The above-described acts of Defendants constitute trademark infringement of the IMPERIALS CAR CLUB Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

86. Defendants have unfairly profited from the actions alleged.

87. By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with the IMPERIALS CAR CLUB Marks.

88. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the IMPERIALS CAR CLUB Marks.

89. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

90. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

91. Because the above-described acts of Defendants were willful, Plaintiff is entitled to damages, and those damages should be trebled, under 15 U.S.C. § 1117.

92. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

**(Violation of California Unfair Competition and Trademark Law)**

93. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 92 of this Complaint as though fully set forth here.

94. Defendants' willful, knowing, and unauthorized promotion, advertisement, sale, and offering for sale of infringing goods and services causing confusion as to the source of the goods and causing harm to Plaintiff's goodwill is an unlawful appropriation of Plaintiff's exclusive rights in the IMPERIALS CAR CLUB Marks and variations thereof.

95. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq.*, and under the common law of the State of California.

96. Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendants' unfair competition with Plaintiff.

97. Due to Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendants' acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

98. Defendants' conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendants and to make an example of them to the community.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Court enter a judgment against Defendants that Defendants have:
   a. Infringed the rights of Plaintiff in the IMPERIALS CAR CLUB and IMPERIALS LOS ANGELES (and design) marks, which have been federally registered, in violation of 15 U.S.C. § 1114(1);
   b. Infringed the rights of Plaintiff in the IMPERIALS CAR CLUB Marks in violation of 15 U.S.C. § 1125(a);
   c. Engaged in unfair competition and deceptive acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.* and California common law.

2. That each of the above acts was willful.

3. That the Court issue a preliminary injunction and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:
   a. Engaging in any infringing activity including advertising, promoting, marketing, selling, and offering for sale any goods or services in connection with the IMPERIALS CAR CLUB Marks or any similar mark;
   b. Engaging in any unfair competition with Plaintiff; and
   c. Engaging in any deceptive acts.

4. That Plaintiff be awarded damages for Defendants' trademark infringement and unfair competition and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

5. That Plaintiff be awarded all profits resulting from Defendants' infringement of Plaintiff's rights and by means of Defendants' unfair competition with Plaintiff.

6. That Defendants be ordered to account for and disgorge to Plaintiff all

amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

    7.    That Plaintiff be awarded an amount sufficient to reimburse Plaintiff for the costs of corrective advertising.

    8.    For prejudgment interest on all infringement damages.

    9.    That the Court award Plaintiff their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, California law, and any other applicable provision of law.

    10.    That the Court award Plaintiff their costs of suit incurred herein.

    11.    For such other or further relief as the Court may deem just and proper.

Dated: December 10, 2018

Tucker Ellis LLP

By: /s/David J. Steele
    David J. Steele
    Steven E. Lauridsen
    Sandra J. Wunderlich (*pro hac vice* to be filed)

    Attorneys for Plaintiff,
    Imperials Car Club

# DEMAND FOR TRIAL BY JURY

Plaintiff Imperials Car Club hereby demands a trial by jury to decide all issues so triable in this case.

Dated: December 10, 2018        Tucker Ellis LLP

By: /s/David J. Steele
David J. Steele
Steven E. Lauridsen
Sandra J. Wunderlich (*pro hac vice* to be filed)

Attorneys for Plaintiff,
Imperials Car Club